UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>DOUBLE M. CONSTRUCTION dba CLASSIC HOMES,<br><br>Defendant(s). | Case No. 2:13-CV-2156 JCM (NJK)<br><br>ORDER |

Presently before the court is counterdefendant Probuilders Specialty Insurance Company's (hereinafter "Probuilders") motion to dismiss. (Doc. # 28). Double M. Construction dba Classic Homes' (hereinafter "Double M") responded, (doc. # 31), and Probuilders replied, (doc. # 32).

**I.      Background**

Double M was the developer and general contractor of single-family homes at Richland Estates, a housing development in Pahrump, Nevada. (Doc. # 24 at 2). On August 10, 2012, fourteen Richland Estate homeowners filed suit in Nye County District Court (hereinafter "*Erbe* action"). (*Id.*). The homeowners have asserted numerous causes of action including constructional defects under NRS Chapter 40. One of the underlying theories is that the affected homes are being damaged due to earth movement, specifically differential settlement. (*Id.* at 2–3).

Probuilders has issued Double M several insurance policies (the "policies") where Double M is a named insured. (Doc. # 24 at 3–4). Probuilders asserts that the policies do not cover injury to property caused by earth movement. (*Id.* at 5–6). Probuilders has undertaken the legal defense of Double M in the *Erbe* action while issuing a full and complete reservation of rights. (*Id.* at 9).

**James C. Mahan**
**U.S. District Judge**

Probuilders filed the instant case seeking three types of declaratory relief. First, Probuilders requests that this court declare that Probuilders owes no duty to defend Double M in the *Erbe* action, or alternatively, that this court declare the rights and obligations of Probuilders and Double M under the policies. (*Id.* at 12).

Second, Probuilders requests that this court declares that Probuilders owes no duty to pay any judgments obtained against Double M in the *Erbe* action, or alternatively, that this court declare the rights and obligations of Probuilders and Double M under the policies. (*Id.* at 13).

Third, Probuilders requests that this court declare that the deductable applies on a per home basis, that Double M is obligated to pay a deductable for each house involved in the *Erbe* action, and that by Double M's failure to do so, the policies are void regarding the *Erbe* action. (*Id.* at 14).

On December 8, 2014, Double M filed an answer and a counterclaim. (Doc. # 27). Double M asserts four causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing – contract damages; (3) breach of the implied covenant of good faith and fair dealing – tort damages; and (4) violation of NRS § 686A.310(1)(a). (*Id.* at 9–11).

Double M also seeks declaratory relief, specifically asking that this court declare (1) that the policies at issue cover the construction defect claims; (2) Double M is entitled to indemnification under the policies; (3) that the policies are enforceable and do not preclude coverage of the claims; (4) that Probuilders has a duty to defend Double M; and (5) Double M is entitled to reimbursement of attorneys' fees and costs incurred regarding this action. (*Id.* at 12).

Probuilders filed the instant motion to dismiss Double M's counterclaim, (doc. # 28), to which Double M responded, (doc. # 31), and Probuilders replied, (doc. # 32).

II.     **Legal standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

**James C. Mahan**
**U.S. District Judge**

1  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III. Discussion

#### A. *Count I: Breach of contract*

Under Nevada law, breach of contract has three elements: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006). An insurer "bears a duty to defend its

James C. Mahan
U.S. District Judge

- 3 -

1  insured whenever it ascertains facts which give rise to the potential of liability under the policy." *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 120 Nev. 678, 686–87 (2004). However, a duty to indemnify is conditional upon the insured becoming legally obligated to pay damages. *Id.* at 686. Should the policies be upheld, Probuilders admits it owes two contractual duties to Double M: first, a duty to defend, and second, a duty to indemnify in the event Double M becomes legally obligated to pay damages. (Doc. # 32 at 4).

Double M alleges that Probuilders has breached its contract in three ways. First, Probuilders has failed to acknowledge that the policies provide coverage asserted in the *Erbe* action. (Doc. # 27 at 9). Second, Probuilders has breached by filing a declaratory relief action asking this court to declare that the policies do not cover the *Erbe* action. (*Id.*) Third, Probuilders has disclaimed coverage in two reservations of rights letters. (Doc. # 31 at 3).

Probuilders moves to dismiss, arguing that it has not committed breach for three reasons. (Doc. # 28 at 13). First, Probuilders is continuing to defend Double M in the ongoing *Erbe* action, which is the extent of Probuilders' contractual obligations under the policies. (*Id.*). There is no duty to indemnify Double M because that duty has not been triggered. (Doc. # 32 at 4–5). Second, Probuilders argues that the mere reservation of rights does not constitute a breach because Probuilders continues to defend Double M. (Doc. # 28. at 14). Third, Probuilders argues that courts have allowed insurance companies to defend an insured while seeking a judicial declaration of its rights without declaring the insurance company in breach of the policies. (*Id.* at 14).

Here, both Double M and Probuilders acknowledge that Probuilders is fulfilling its duty to defend Double M in the *Erbe* action. (Doc. # 27 at 8; doc. # 28 at 13). In regards to Probuilders' alleged breach of contract, Double M points to Probuilders' reservation of rights letters and this action seeking declaratory relief. However, this argument is unconvincing.

Double M cites no instances where a court has found that an insurance company's request for declaratory judgment constitutes breach of contract, nor has this court been able to locate any. Probuilders did send two letters to Double M stating that, in Probuilders' opinion, the policies did not cover the claims in the *Erbe* action. These letters do not constitute breach because Probuilders continues to defend Double M while seeking declaratory relief from this court.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Regarding Probuilders' reservation of rights letters, Probuilders may reserve its rights under the policies while fulfilling its duty to defend Double M. There is no reason why Probuilders may not seek declaratory relief from this court so long as it continues to fulfill its duties under the policies. Double M argues that the mere act of seeking declaratory relief from this court constitutes breach; however, again Double M fails to cite any case or legal authority that supports its position. So long as Probuilders continues to defend Double M in the *Erbe* action, it has not breached the contract.

Probuilders' actions simply do not constitute breach. Thus, this claim is dismissed without prejudice.

### B. Count II: breach of the implied covenant of good faith and fair dealing – contract damages

In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A .C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989). This implied covenant requires that parties "act in a manner that is faithful to the purpose of the contract and the justified expectations of the other party." *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

In order to prevail on this claim against an insurance company, a plaintiff must demonstrate that: (1) the insurer denied or refused to pay the insured's claim without any reasonable basis; and (2) the insurer had knowledge or awareness of the lack of any reasonable basis to deny coverage or acted with reckless disregard as to the unreasonableness of the denial. *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996); *Schumacher v. State Farm Fire & Cas.*, 467 F. Supp. 2d 1090, 1096 (D. Nev. 2006). An insurer is not liable for bad faith so long as it had a reasonable basis to deny coverage. *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co.*, 863 F.Supp. 1237, 1249 (D. Nev. 1994).

Double M alleges that Probuilders breached this implied covenant by refusing to acknowledge its obligations under the policies. (Doc. # 27 at 10). Further, Double M alleges that Probuilders has breached by providing Double M with policies that are "illusory, void and against

**James C. Mahan**
**U.S. District Judge**

- 5 -

1 public policy" because Probuilders represented that the policies would cover construction defects
2 when in fact they would not. (*Id.* and doc. # 31 at 4).

3       Probuilders argues that Double M's "countercomplaint" is insufficient because it admits
4 that Probuilders is defending Double M in the *Erbe* action. (Doc. # 28 at 15). Specifically,
5 Probuilders argues that Double M must allege that Probuilders complied with the policies but
6 violated the intention and spirit of the policies. (*Id.*). Probuilders further argues that Double M is
7 merely alleging that the policies did not cover what Double M expected, which does not amount
8 to bad faith on behalf of Probuilders. (Doc. # 32 at 6).

9       Here, Probuilders has not refused to pay Double M's claim; it has merely sought court
10 clarification regarding what, if any, obligations Probuilders has under the policies. That is not an
11 act of bad faith because it is not a refusal to pay the claim without any reasonable basis. Even if
12 this court were to construe it as refusal to pay the claim without any reasonable basis, the
13 allegations contained in Double M's counterclaim are conclusory.

14       Probuilders has not denied coverage under the policies. Rather, Probuilders is seeking
15 clarification of the rights and obligations under the policies from this court. This does not constitute
16 breach. Even if such an action constituted breach, Double M pleads insufficient facts. Thus, this
17 claim is dismissed without prejudice.

18       ***C. Count III: breach of the implied covenant of good faith and fair dealing – tort damages***

19       Under Nevada law, a tortious breach of the implied covenant of good faith and fair dealing
20 occurs when (1) a special relationship exists between the parties to the contact, such as the
21 relationship between the insurer and insured (*Insurance Co. of the West v. Gibson Tile Co., Inc.*,
22 122 Nev. 455, 134 P.3d 698, 702 (Nev. 2006); (2) the insurer breaches its duty by refusing to
23 "compensate its insured for a loss covered by the policy," (*Pioneer Chlor. Alkali Co., Inc. v. Nat'l*
24 *Union Fire Ins. Co.*, 863 F.Supp. 1237, 1242 (D. Nev. 1994) (quoting *United States Fidelity &*
25 *Guar. Co. v. Peterson*, 91 Nev. 617, 540 P.2d 1070, 1071 (Nev. 1975)); and (3) the denial is
26 without proper cause, meaning the insurer has an "actual or implied awareness of the absence of a
27 reasonable basis for denying benefits of the policy." (*Am. Excess Ins. Co. v. MGM Grand Hotels,*
28 *Inc.*, 102 Nev. 601, 729 P.2d 1352, 1354 (Nev. 1986) (citing *Peterson*, 540 P.2d at 1070)).

**James C. Mahan**
**U.S. District Judge**

1  Double M alleges that Probuilders refused to acknowledge coverage and indemnification obligations for claims asserted in the *Erbe* action. (Doc. # 27 at 10–11). Double M further alleges that Probuilders violated its covenant of good faith and fair dealing by issuing policies that are vague and ambiguous, and by relying on exclusions that render the policies illusory. (Doc. # 27 at 11). Probuilders argues that the obligation to indemnify has not been triggered. Therefore, it is impossible for Probuilders to have denied Double M's claim because no duty to indemnify has arisen. (Doc. # 28 at 16).

Double M responds that Probuilders has "unreasonably refused to provide coverage and indemnification" regarding the *Erbe* action, and that its pleading sufficiently alleges that the policies were vague and ambiguous. (Doc. # 31 at 6). Probuilders replies that Double M has failed to allege that Probuilders has denied Double M's claim. (Doc. # 32 at 7).

Here, Probuilders has not denied coverage of Double M without cause. Probuilders merely seeks court clarification regarding what obligations it has under the policies. That is not an act of bad faith because Probuilders has not refused to compensate Double M without proper cause. Probuilders continues to defend Double M in the *Erbe* action as required by the policies. Further, since Double M has not been found liable in the *Erbe* action, the duty to indemnify has not been triggered. Thus Probuilders cannot have breached the policies.

Because Probuilders cannot have breached the policies, there can be no breach of the implied covenant. Therefore, this claim is dismissed without prejudice.

**James C. Mahan**
**U.S. District Judge**

- 7 -

### D. Count IV: violation of NRS § 686A.310(1)(a)

NRS § 686A.310(1)(a) makes it illegal to "[m]isrepresent[] to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage at issue." The statute "address[es] the manner in which an insurer handles an insured's claim whether or not the claim is denied." *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010). However, an insurance company's analysis of the facts and policy in a denial of coverage letter do not violate the statute provided that the analysis does not misrepresent the terms of the policy. *Id.* at 1236–37.

Double M asserts that Probuilders has violated NRS § 686A.310(1)(a) by inserting exclusions into the policies that render the policies "illusory, void, and against public policy." (Doc. # 27 at 11–12). Probuilders argues that Double M has failed to plead sufficient facts that allege that Probuilders misrepresented pertinent facts or policy provisions, and that Double M has failed to show where the misrepresentation occurred. (Doc. # 28 at 17). Additionally, Probuilders argues that the policies contained a prominent notice which admonished Double M to carefully review the policies and all exceptions. (*Id.*).

Double M responds by arguing that the inclusion of the Earth Movement Exclusion and the Residential Construction Limitations Exclusion, combined with Probuilders' reliance on those exclusions to deny coverage, results in a misrepresentation that violates NRS § 686A.310(1)(a). (Doc. # 31 at 7). Double M further asserts that the prominent notice Probuilders points to in its motion actually supports Double M's argument that Probuilders included these vague and ambiguous exclusions, and thus misrepresented the policies. (Doc. # 31 at 7).

Here, Double M has failed to allege any facts that support its assertion that Probuilders made any misrepresentation to Double M regarding the policies. Instead, Double M pleads conclusory allegations that contain insufficient facts to sustain the counterclaim. Double M did not specify the specific misrepresentation made, who made it, when it was made, or other pertinent information necessary to sustain this claim. Indeed, Double M has not pled enough facts for this court to determine if Probuilders misrepresented the policies or if Double M simply failed to read the exclusions. Therefore, this claim is dismissed without prejudice.

James C. Mahan
U.S. District Judge

- 8 -

### E. Count V: declaratory relief

A court may declare the "rights and other legal relations of any interested party" in a civil action. 28 U.S.C. § 2201. "Declaratory relief is appropriate when '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (quoting *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984)).

However, a district court has broad discretion to dismiss a declaratory judgment claim if it determines that the claim "would serve no useful purpose." *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (stating "If a district court . . . determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before dismissing the action.").

Further, the Ninth Circuit has held that "a declaratory judgment may be refused where it would serve no useful purpose . . . or where it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein . . . ." *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 343 (9th Cir. 1966).

District courts routinely dismiss duplicative declaratory judgment claims pursuant to Fed. R. Civ. P. 12(b)(6). *Cundiff v. Dollar Loan Ctr., LLC*, 726 F. Supp. 2d 1232, 1240–41 (D. Nev. 2010); *Concorde Equity II, LLC v. Miller*, 732 F. Supp. 2d 990, 1003 (N.D. Cal 2010). But it is not mandatory that a court does so. If one party seeks a declaration that an insurance policy is not in effect, the other party may seek a declaration that the policy is in effect. Those competing declarations are not necessarily duplicative. *See Sierra Foothills Pub. Util. Dist. v. Clarendon Am. Ins. Co.*, 2005 WL 2089832 (D. Nev. 2012), *see also Jaynes Corp. v. Am. Safety Indem. Co.*, 925 F.Supp.2d 1095, 1101 (D. Nev. 2012).

Double M is seeking declaratory judgment which declares that: (1) the policies cover the issues in the *Erbe* action; (2) Double M is indemnified by the policies with respect to the *Erbe* action; (3) the terms of the policies do not preclude coverage of the claims in the *Erbe* action; (4)

James C. Mahan
U.S. District Judge

- 9 -

1   Probuilders has a duty to defend Double M; and (5) Double M is entitled to reimbursement of
2   attorneys' fees and costs from Probuilders due to this action. (Doc. # 27 at 12).

3         Probuilders argues that this court should dismiss this request because it is duplicative of
4   Double M's own claims, (doc. # 28 at 18), and Probuilders' request for declaratory judgment, (doc.
5   # 32 at 8). Probuilders second amended complaint[1] seeks declaratory relief stating that (1) the
6   damage caused in the *Erbe* action is excluded under the terms of the policies, (doc. # 24 at 12); (2)
7   that Probuilders does not have a duty to indemnify Double M, (*id.* at 13); (3) that the per claim
8   deductable applies on a per home basis, (*id.* at 14); (4) and the policies are void due to Double M's
9   failure to pay the deductable, (*id.*). Alternatively, Probuilders asks this court to declare Probuilders'
10  and Double M's rights and obligations under the policies. (Doc. # 24 at 12–13).

11        Double M responds that the declarative relief it seeks is not duplicative. Specifically,
12  Double M states that the declaration it seeks pertains to Probuilders' obligations going forward,
13  while its other claims seek damages based on past conduct. (Doc. #31 at 8). Further, Double M
14  asserts that while Probuilders seeks declaratory relief that asserts it is not required to provide
15  coverage to Double M, Double M seeks relief that will state that the "provisions and terms of the
16  policies do not preclude coverage of the claims" in the *Erbe* action. (Doc. # 31 at 9).

17        Here, Double M's requests for declaratory relief meet both prongs of the test outlined in
18  *Sutton*, and thus will serve a useful purpose should the court grant Double M's requests. First, the
19  judgments requested by Double M will clarify and settle the legal relations at issue. Should the
20  court rule in Double M's favor, the policies will have been determined to cover the claims in the
21  *Erbe* action.

22        The second prong is satisfied as well. Should this court grant Double M's requests, the
23  requests will eliminate the controversy at issue. The policies will have been examined and the
24  declaratory judgment will have determined the effect of the exclusions on the policies.

---

[1] Document # 24 is mistitled "First Amended Complaint for Declaratory Relief and Breach of Contact," and was filed Nov. 24, 2014. However, it is actually the second amended complaint. The first amended complaint is Document # 19, filed Oct. 30, 2014.

**James C. Mahan**
**U.S. District Judge**

- 10 -

Further, Double M's requests for declaratory relief are not duplicative of either its own claims or Probuilders' requests for declaratory relief. Double M's requests for declaratory relief address the obligations of the parties going forward, while its claims address the past conduct of the parties.

For example, Double M's claim for the breach of the implied covenant of good faith and fair dealing for contract damages asserts that the damages caused by Probuilders has occurred in the past. It states "that Probuilders breached the implied covenant of good faith and fair dealing implied under the policies by refusing to acknowledge coverage and indemnification obligations for the claims asserted against Double M in the Underlying Action." (Doc. # 27 at 10). However, the corresponding request for declaratory relief asks this court to declare that the policies cover the claims in the *Erbe* action. (Doc. # 27 at 12).

Similarly, Double M's requests for declaratory relief are not duplicative of Probuilders' requests. Two are distinguishable from Probuilders' requests, while three of Double M's requests are remarkably similar to Probuilder's requests (request no. 1, which asks the court to declare that the policies cover the claims in the *Erbe* action; no. 4 which asks the court to declare that Probuilders has a duty to defend Double M; and no. 2, which asks the court to declare that Double M is entitled to indemnification).

Specifically, Double M first seeks to have this court declare that the policies' terms and provisions do not preclude coverage of the claims in the *Erbe* action because those terms and policies are ineffective, vague, ambiguous, render the policies unconscionable and/or illusory, void, and against public policy. (Doc. # 27 at 12). This is a specific request for a finding from this court and distinguishable from Probuilders' five requests. Similarly, Double M seeks a declaration that it is entitled to reimbursement from Probuilders due to the prosecution of this action. (Doc. # 27 at 12). There is no corresponding Probuilders request.

Double M's requests for declaratory relief are not duplicative. Therefore, Probuilders' motion to dismiss is denied as to this claim.

**James C. Mahan**
**U.S. District Judge**

- 11 -

## IV. Conclusion

Based on the above analysis, the court will grant Probuilders' motion to dismiss, (doc. # 28), as to Double M's counterclaim count I: breach of contract; count II: breach of the implied covenant of good faith and fair dealing – contract damages; count III: breach of the implied covenant of good faith and fair dealing – tort damages; and count IV: violation of NRS § 686A.310(1)(a); all without prejudice. The court will deny Probuilders' motion to dismiss, (doc. # 28), as to Double M's counterclaim count V: declaratory relief.

For the foregoing reasons,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss, (doc. # 28), be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED March 17, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**