UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, et al., <br><br>  Plaintiff(s), <br><br> v. <br><br> DOUBLE M. CONSTRUCTION dba CLASSIC HOMES, <br><br>  Defendant(s). | Case No. 2:13-CV-2156 JCM (NJK) <br><br> ORDER |

Presently before the court is plaintiff Probuilders Insurance Company's ("Probuilders") motion for summary judgment. (Doc. # 36). Defendant Double M Construction dba Classic Homes ("Double M"), filed a response, (doc. # 64), and Probuilders filed a reply, (doc. # 67).

**I.   Background**

*i.   Facts and procedural history*

This case involves an insurance coverage dispute. Probuilders is a registered risk retention group in Nevada. Double M, a general contractor, developed Richland Estates, a housing development in Pahrump, Nevada. (Doc. # 67, p. 2). On August 10, 2012, fourteen Richland Estate homeowners filed suit in Nye County District Court (the "*Erbe* action"). (*Id*.). The homeowners asserted numerous causes of action against Double M, including constructional defects under N.R.S. Chapter 40. (Doc. # 24, Exhibit B). One of the underlying theories is that the affected homes are being damaged due to earth movement, specifically differential settlement. (*Id.*, p. 2).

Double M has several general liability insurance policies from Probuilders (the "Probuilders policies"). Each policy includes property damage exclusions for earth movement. (Doc. # 24, at 5-6). Probuilders has undertaken Double M's legal defense in the *Erbe* action while

James C. Mahan
U.S. District Judge

issuing a full and complete reservation of rights. (*Id*. at 9). Probuilders alleges that it has paid $73,705.35 in legal expenses towards Double M's defense. (Doc. # 36, p. 4).

On July 1, 2014, NBIS Construction and Transport Insurance Services ("NBIS"), Probuilders' claims agent, wrote to Double M and requested $28,424.90 in deductible payments pertaining to the *Erbe* action, as required by the 05/06 policy deductibles. (Docs. # 36, p. 6; 37, Exhibit 1). On July 2, 2014, NBIS requested $27,770.61 for the 06/07 policy deductibles. (*Id.*, Exhibit 13). To date, Double M admits that it has not paid any deductible payments.

On November 21, 2013, Probuilders filed this suit, seeking declaratory relief regarding the parties' rights and duties under the policies. (Doc. # 1). On March 10, 2015, Probuilders filed the instant motion seeking summary judgment on two issues. First, Probuilders alleges that it owes no duty to defend Double M in the *Erbe* action because the claims are not covered by the policies or, alternatively, because the policies are void. (Doc. # 36, p. 2). Second, Probuilders asserts that Double M must reimburse the amount advanced for legal defense in the *Erbe* action. (*Id.*).

*ii.   Policy limits*

Each Probuilders policy includes a provision, titled "Section I - Coverage," under which Probuilders accepts "the right and duty to defend . . . against any suit seeking those damages." (Doc. # 24, Exhibits C-G). The Probuilders policies also attach limitations to the duty to defend. "Section I - Coverage" reads in relevant part:

> Our duty to defend you is further limited as provided below or in the Section of the policy entitled "EXCEPTIONS: COVERAGES A AND B" . . . . We will have no duty to defend any insured against any suit seeking damages for . . . property damage to which this insurance does not apply.
>
> . . .
>
> In those cases in which we have no obligation or duty to defend . . . we shall have the right to defend or to intervene in defense of any suit which may involve liability covered by this policy.

In addition, the Probuilders policies provide certain exclusions, identified under "EXCLUSIONS: COVERAGES A AND B." The provision states:

> This insurance does not apply to:
>
> . . .

James C. Mahan
U.S. District Judge

- 2 -

S.     EARTH MOVEMENT EXCLUSION

Property damage arising from . . . earth movement, whether the earth movement is combined with any other cause . . . . [¶] This exclusion applies regardless of the cause or causes of the earth movement and includes defects or negligence . . . precipitated [by] [and] caused . . . in any sequence with earth movement . . . . [¶] Where a suit is based in whole or in part upon . . . property damage, liability[1] for which is excluded by this Exclusion, we shall have the right, but not the obligation, to defend you . . . . When we do not elect to defend you in such suit, we shall reimburse you for reasonable attorneys' fees and litigation expenses.

II.     **Legal standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, for a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

---

[1] In its response to Probuilders' motion, Double M identifies a difference in the language of the 05/06 and 06/07 policies. The 05/06 policy excludes coverage where a suit is based "in whole or in part upon . . . property damage, liability for which is excluded." The 06/07 policy excludes coverage where a suit is based "in part upon . . . property damage which is excluded by this exclusion, even though damages potentially covered by this policy are also sought." The court finds that these differences do not impact its analysis. Accordingly, the court will not address them further.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

**III.   Discussion**

*A.   Judicial notice*

Federal Rule of Evidence 201 provides for judicial notice of adjudicative facts. Fed. R. Evid. 201. The court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The court may also take judicial notice of public records if the facts are not subject to reasonable dispute. *See United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011).

In its motion for summary judgment, Probuilders asks the court to take judicial notice of the Chapter 40 notices of defects, which outline the *Erbe* action's claims and include expert reports on the nature and causes of damages. *See* N.R.S. § 40.645. Double M does not oppose the request. However, Double M emphasizes that the July 25, 2014, and September 23, 2014, Chapter 40 notices of defects add damages due to "dezincification corrosion attack, and other issues" to the findings. (Doc. # 64, p. 6).

James C. Mahan
U.S. District Judge

- 4 -

The Chapter 40 notices of defects are matters of public record and not subject to reasonable dispute. *See Corinthian*, 655 F.3d 984 at 999. Accordingly, the court grants Probuilders' request for judicial notice.

B. *"Risk retention group" status*

Before discussing Probuilders' policy obligations, the court addresses Probuilders' "risk retention" status. Probuilders takes the position that the law treats risk retention group insurance policies differently from ordinary insurance company policies. (Doc. # 36, p. 3). Page one of each Probuilders policy states:

> Your risk retention group may not be subject to all of the insurance laws and regulations of your state . . . . Read this policy carefully[.] Coverage provided by this policy may be different from, and more restrictive than, other insurance policies you have purchased or are familiar with.

(Doc. # 24, Exhibits C-G).

A risk retention group's policy is not an "insurance like product"; it is insurance. *OneBeacon Ins. Co. v. Probuilders Specialty Ins. Co.*, No. 3:09-CV-36-ECR-RAM, 2009 WL 2407705, at *6 (D. Nev. Aug. 3, 2009); *see* 15 U.S.C. § 3901(a)(1) ("Insurance means . . . [any] arrangement for shifting and distributing risk which is determined to be insurance under applicable state or federal law."); 15 U.S.C. § 3905(c) ("The terms of any insurance policy provided by a risk retention group shall not provide or be construed to provide insurance policy coverage prohibited [by State law]."). Nevada law governing insurance policy interpretation applies to coverage issued by risk retention groups. *OneBeacon*, 2009 WL 2407705, at *6.

Accordingly, the court will interpret the Probuilders policies according to Nevada law on insurance policy interpretation.

C. *Policy interpretation & coverage*

An insurance contract's interpretation, including whether it is ambiguous, is a matter of law. *Farmers Ins. Exch. v. Neal*, 64 P.3d 472, 463 (Nev. 2003). In Nevada, courts broadly interpret contracts "to afford the greatest possible coverage . . . [and] clauses excluding coverage are interpreted narrowly against the insurer." *Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014). Courts interpret terms according to the policy's definitions, and read undefined terms

**James C. Mahan**
**U.S. District Judge**

- 5 -

to mean their "plain, ordinary, and popular" meanings. *Tacoma Elec. Supply Inc. v. Atl. Mut. Ins. Co.*, 40 F. App'x 567, 568 (9th Cir. 2002).

Summary judgment is appropriate when the contract terms are clear and unambiguous, even if the parties disagree as to their meaning. *Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1314 (D. Nev. 2013). Courts enforce unambiguous provisions "according to the plain and ordinary meaning of [their] terms." *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 672 (Nev. 2011); *see Tacoma*, 40 F. App'x 567 at 568.

Courts construe ambiguous contract provisions against the insurer. *Powell*, 252 P.3d at 672*; see also Farmers Ins. Exch. v. Young*, 832 P.2d 376, 377 (Nev. 1992). "A provision . . . is ambiguous if it is reasonably susceptible to more than one interpretation." *Benchmark Ins. Co. v. Sparks*, 254 P.3d 617, 621 (Nev. 2011) (internal quotation marks omitted).

Neither party disputes that the *Erbe* action includes earth movement damages. (Doc. # 64, p. 2-3). Probuilders argues that when a party asserts earth movement claims, the exclusion eliminates its duty to defend and replaces it with a discretionary right to defend. (Doc. # 67, p. 15). Double M argues that Probuilders has a duty to defend under the policies for all damage other than earth movement, even if earth movement is included in the claims.

     i.  Earth movement exclusion

The court first addresses the enforceability of the earth movement exclusion. The Nevada Supreme Court follows a three-part test to determine whether to enforce exclusions in insurance policies:

> To preclude coverage under an insurance policy's exclusion provision, an insurer must: (1) draft the exclusion in obvious and unambiguous language, (2) demonstrate that the interpretation excluding coverage is the only reasonable interpretation of the exclusionary provision, and (3) establish that the exclusion plainly applies to the particular case before the court.

*Powell*, 252 P.3d at 674.

The court finds that the earth movement exclusion is valid, enforceable, and applicable to the *Erbe* action under the *Powell* test.

. . .

James C. Mahan
U.S. District Judge

- 6 -

1     First, the policy exclusions are conspicuous and unambiguous. The top of the first page of
2  each 06/07 policy states, "Read this policy carefully[.] [¶] Coverage provided by this policy may
3  be different from, and more restrictive than, other insurance policies you have purchased or are
4  familiar with." (boldface and capitalization omitted).

5     The policy then calls attention to each exclusion. Both the 05/06 and 06/07 policies disclose
6  exclusions in the clauses setting forth the duties to indemnify and defend. On page one, the
7  insurer's "duty to defend [Double M] is further limited as provided below or in the Section of the
8  policy entitled 'EXCLUSIONS: COVERAGES A and B.'" The policy details the nature and
9  limitation of each exclusion under separate undercapitalized subheadings that are not buried in fine
10 print.

11    Second, Probuilders provides the only reasonable interpretation of the exclusion. Under
12 "EARTH MOVEMENT," paragraph one specifies a non-exhaustive list of possible damages that
13 eliminate coverage. Paragraph two denies coverage irrespective of the cause or sequence of causes
14 that create earth movement. Paragraph three eliminates the duty to defend when earth movement
15 damage overlaps with covered damages.

16    Third, the exclusion plainly applies to the *Erbe* action. The chapter 40 notices reference
17 earth movement as all or part of the damage in the *Erbe* action.

18    The court agrees with Probuilders, and is not persuaded by Double M's limited reading of
19 the earth movement provision. Probuilders clearly designed paragraph three of the exclusion to
20 eliminate any duty to defend against a suit alleging earth movement loss. The exclusion
21 emphasizes twice ("based in part"; "even though damages potentially covered . . . are also sought")
22 that the duty to defend automatically dissolves when a party alleges earth movement. Instead, a
23 suit with earth movement and covered claims will trigger Probuilders' duty to reimburse.

24    Further, Double M's argument lacks support in the Probuilders policies' language. Double
25 M argues, "to the extent the *Erbe* suit seeks property damages for anything arising from,
26 aggravated by, or as a consequence of anything ***other than*** earth movement, defendant is not
27 relieved of its coverage obligations." (Doc. # 64, p. 5) (emphasis in original).

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

However, the court does not give effect to each policy term alone, but considers all terms in context. Along with earth movement, the policies contain exclusions A-OO, each limiting property damage in various instances and relieving Probuilders of its coverage obligations. Indeed, NBIS's reservation of rights letter specifies seven possible coverage issues (excluding earth movement) that could eliminate Double M's coverage for the *Erbe* action.

Double M would have the court interpret the earth movement exclusion to limit Probuilders' overarching coverage obligations, in spite of other enumerated exclusions. Such an interpretation leads to absurd results and runs contrary to reasonable policyholder expectations. *See Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014) ("An insurance policy's interpretation should not lead to an absurd or unreasonable result.").

Accordingly, the court "will not rewrite contract provisions that are otherwise unambiguous . . . [or] increase an obligation to the insured where such was . . . limited by the parties." *Farmers Ins. Grp. v. Stonik By & Through Stonik*, 867 P.2d 389, 391 (Nev. 1994). Based on the plain language of the policy, Probuilders has a duty to reimburse, but not a duty to defend, Double M for covered claims that are brought with earth movement claims in the *Erbe* action.

ii.   Duty to defend

Nevada has adopted the 'complaint rule,' pursuant to which an insurer that seeks to avoid its duty to defend may only compare the complaint in the underlying litigation to the policy. *Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1315 (D. Nev. 2013). The Nevada Supreme Court explains an insurer's duty to defend as follows:

> [A]n insurer . . . bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy. Once the duty to defend arises, this duty continues throughout the course of the litigation . . . . The purpose behind construing the duty to defend so broadly is to prevent an insurer from evading its obligation to provide a defense for an insured.
>
> . . .
>
> However, the duty to defend is not absolute. A potential for coverage only exists when there is arguable or possible coverage.

*United Nat'l Ins. Co. v. Frontier Ins. Co*., 99 P.3d 1153, 1158 (Nev. 2004) (footnotes & internal quotations omitted).

Probuilders has met its burden under the 'complaint rule' to show that Double M's policy does not create a duty for it to defend the *Erbe* action. The *Erbe* complaint alleges earth movement, among other issues, as damages. Where earth movement is at issue, the policy excludes earth movement damage and dissolves Probuilders' defense obligation. This provision extends to covered damage that is within the same suit as earth movement damage.

According to Double M, the court must construe the insurance policy in its favor. Double M attempts to read ambiguity from the fact that the 05/06 contract refers to "liability," which is omitted from the 06/07 contract. Thus, Double M contends that the duty to defend somehow attaches throughout litigation under the 05/06 version, but not the 06/07 version.

The court need not construe the provisions in Double M's favor because Double M fails to show that the two versions are susceptible to multiple meanings. *See Benchmark*, 254 P.3d at 621. Probuilders has a duty to defend against damages with arguable or possible coverage. *Frontier*, 99 P.3d at 1158. Under both versions of the policy, no duty to defend exists if a party asserts earth movement damages in the suit.

Double M has not set forth specific facts that show a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. Accordingly, the court will grant summary judgment and hold that Probuilders has no duty to defend or indemnify Double M in the *Erbe* action.

          iii.     Public policy

In its opposition, Double M argues that the "anti-concurrent clause"[2] of the earth movement exclusion contravenes public policy. (Doc. # 64, p. 18). Double M asks the court to void these terms and apply the efficient proximate cause doctrine.[3] The relevant clause provides:

> This exclusion applies regardless of the cause or causes of the earth movement and includes . . . any other event, conduct or misconduct which may have or is claimed

---

[2] This insurance contract provision, commonly referred to as an anti-concurrent clause, precludes coverage for all damage when excluded damage is at issue, even if other causes are present. *See Alamia v. Nationwide Mut. Fire Ins. Co.*, 495 F. Supp. 2d 362, 368 (S.D.N.Y. 2007).

[3] Many jurisdictions use the efficient proximate cause doctrine to settle whether there is insurance coverage when both covered and non-covered damage contributed to the loss. The doctrine holds that unless the insurance policy provides otherwise, the claim "that sets others in motion" is the one that is relevant to decide coverage. *See Pioneer Chlor Alkali Co. v. National Union Fire Ins.*, 863 F. Supp. 1226, 1230 (D. Nev. 1994).

James C. Mahan
U.S. District Judge

- 9 -

>to have precipitated, caused or acted jointly, concurrently, or in any sequence with earth movement.

(Doc. # 36, p. 9)

The court may void unambiguous insurance exclusions that violate public policy. *Griffin v. Old Republic Ins. Co.*, 133 P.3d 251, 253 (Nev. 2006) (quoting *Canfora v. Coast Hotels & Casinos, Inc.*, 121 P.3d 599, 603 (Nev. 2005)). However, Nevada has no statute or public policy against the use of anti-concurrent provisions. *Powell*, 252 P.3d at 674 (explaining, in dicta, that [anti-concurrent] clauses are valid, provided that they give sufficient clarity on the exclusions).

Further, the Nevada Supreme Court has held that public policy does not restrict parties from contracting out of the efficient proximate cause doctrine. *Schroeder*, 770 F. Supp. at 561. "The efficient proximate cause doctrine is a default rule which gives way to the language of the contract." *Pioneer Chlor Alkali*, 863 F.Supp. at 1232. (citations omitted).

Even under a narrow interpretation, the Probuilders policies clearly contemplate cases where covered claims are brought with claims attributable to excluded earth movement damage. As in *Schroeder*, Probuilders contracted around the efficient proximate cause doctrine with an explicit anti-concurrent clause that excludes any loss, regardless of causation, if brought with earth movement damage. *Schroeder*, 770 F. Supp. at 561.

Accordingly, the court finds that the anti-concurrent language of the earth movement exception does not contravene public policy. Further, the anti-concurrent language in the earth movement exclusion precludes the application of the efficient proximate cause doctrine.

D.     *Deductible endorsement provision and reimbursement*

Probuilders alternatively requests that the court declare the Probuilders policies void. The Probuilders policies require Double M to pay deductibles, per claim, within ten days of receiving a demand letter from NBIS. Probuilders contends that Double M's failure to pay the deductibles voids the policies. Probuilders argues that it has no duty to defend a void policy, and Double M must reimburse the defense.

The court notes that the parties made several arguments and cited several cases not discussed above. The court has reviewed these arguments and cases and determines that they do not affect the outcome of this motion. In light of the court's finding that no duty to defend exists

James C. Mahan
U.S. District Judge

- 10 -

under the earth movement exclusion, the court need not address Probuilders' alternative request. The court will now discuss Probuilders' right to reimbursement.

### i. Right to reimbursement

An insurer has a right to reimbursement if the parties agreed that the insured would reimburse the insurer for monies expended in providing a defense. *Capitol Indem. Corp. v. Blazer*, 51 F. Supp. 2d 1080, 1090 (D. Nev. 1999). "[A]cceptance of monies constitutes an implied agreement to the reservation" of the insurer's right to seek reimbursement for claims outside of the policy's coverage. *See Forum Ins. Co. v. Cty. of Nye*, No. 91-16724, 1994 WL 241384, at *2-3 (9th Cir. June 3, 1994).

Consistent with the general policy's terms and conditions,[4] NBIS notified Double M of Probuilders' full reservation of rights. (Doc. # 47, Exhibit 3). In a letter, (*id.* at Exhibit 3), NBIS informed Double M that Probuilders would provide defense under AJS 5003761, 5008925, and 5019123, subject to a reservation of rights "to determine what duties [Probuilders] has, if any . . . in this matter." (*Id.*). In its letter, NBIS includes the policy exclusions (including the earth movement exclusion) that would eliminate coverage. NBIC concludes by preserving Probuilders' right "to recover monies spent in defense, settlement or satisfaction of judgments, and to file a declaratory relief action to secure a resolution of any coverage issues." (*Id.*).

Double M implicitly agreed to the reservation of rights by accepting Probuilders' defense and passing litigation costs to it for two years. *See Forum*, 1994 WL 241384, at *3. As previously discussed, the *Erbe* action includes claims not covered by the policy. Therefore, Double M must reimburse Probuilders for its defense costs.

### ii. Amount sought

Probuilders asks the court to find it entitled to reimbursement in the amount of $73,705.35, the amount it claims to have paid thus far in Double M's defense. Double M opposes the

---

[4] Under "SECTION I- COVERAGES COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY," each policy states, "1(a)(6): Should we exercise our right to intervene then we shall also provide a defense to you, subject to such reservations of rights, if any, we shall deem appropriate."

**James C. Mahan**
**U.S. District Judge**

- 11 -

reimbursement for two reasons: (1) coverage has not been determined, and (2) Probuilders supplied no invoices to Double M with the requested amount.

The court has determined that there is no coverage available for the *Erbe* action's claims under the Probuilders policy's express terms. Based on the foregoing, the court will grant summary judgment on the issue that Probuilders is entitled to reimbursement.

Accordingly, the court declines to make a determination regarding the amount of reimbursement. Probuilders fails to substantiate its claims regarding the amount with invoices or any other evidence. Probuilders may move for final judgment in accordance with the applicable Federal Rules of Civil Procedure and local rules.

## IV.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Probuilders' motion for summary judgment, (doc. # 36), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Probuilders file a motion for judgment within fourteen days supported by documentation for the reimbursement amount it requests. Double M will then have fourteen days to object to the amount.

DATED July 10, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 12 -