# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

PROBUILDERS SPECIALTY INSURANCE COMPANY, et al.,

    Plaintiff(s),

v.

DOUBLE M. CONSTRUCTION dba CLASSIC HOMES,

    Defendant(s).

Case No. 2:13-CV-2156 JCM (NJK)

ORDER

Presently before the court is defendant Double M Construction dba Classic Homes's ("Double M") motion for reconsideration. (Doc. #81). Plaintiff ProBuilders Specialty Insurance ("ProBuilders") filed a response, (doc. # 86), and Double M filed a reply (doc. # 88).

Also before the court is ProBuilders' motion for judgment and award of attorney's fees. (#73). Double M filed a response (doc, #82), and ProBuilders filed a reply. (Doc. #87).

**I.    Background**

This case involves an insurance coverage dispute. ProBuilders is a registered risk retention group in Nevada. Double M, a general contractor, developed Richland Estates, a housing development in Pahrump, Nevada. (Doc. # 67 at 2). On August 10, 2012, fourteen Richland Estate homeowners filed suit in Nye County District Court (the "*Erbe* action"). (*Id*.). The homeowners asserted numerous causes of action against Double M, including construction defects under N.R.S. Chapter 40. (Doc. # 24, Exhibit B). One of the underlying theories is that the affected homes are being damaged due to earth movement, specifically differential settlement. (*Id.* at 2).

Double M has several general liability insurance policies from ProBuilders (the "ProBuilders policies"). Each policy includes property damage exclusions for earth movement.

**James C. Mahan**
**U.S. District Judge**

(Doc. # 24 at 5-6). ProBuilders has undertaken Double M's legal defense in the *Erbe* action while issuing a full and complete reservation of rights. (*Id.* at 9). ProBuilders alleges that it has paid $73,705.35 in legal expenses towards Double M's defense. (Doc. # 36 at 4).

On July 1, 2014, NBIS Construction and Transport Insurance Services ("NBIS"), ProBuilders' claims agent, wrote to Double M and requested $28,424.90 in deductible payments pertaining to the *Erbe* action, as required by the 05/06 policy deductibles. (Docs. # 36 at 6, 37, Exh. 1). On July 2, 2014, NBIS requested $27,770.61 for the 06/07 policy deductibles. (*Id.*, Exh. 13). Double M admits that it has not paid any deductible payments.

This court granted ProBuilder's motion for summary judgment finding that ProBuilders is entitled to reimbursement but declined to make a determination regarding the amount of reimbursement. The court instructed ProBuilders to substantiate its claims regarding the amount of reimbursement due with invoices or other evidence and to move for final judgment in accordance with the applicable Federal Rules of Civil Procedure and local rules. (Doc. #69).

**II.   Legal standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

**III.   Discussion**

> *a. Motion to reconsider*

Double M moves for "clarification and reconsideration" of this court's order granting summary judgment regarding its findings that there is no duty to indemnify and no coverage for any claims asserted in the *Erbe* suit. (Doc. #81). Double M posits that there were assertions of

covered property damage claims by the *Erbe* plaintiffs that were not barred by the earth movement exclusion, and consequently the court's order finding no coverage was improper. Specifically, Double M believes it should still have the right to seek reimbursement of defense fees and costs for claims relating to brass fittings, valves, and angle stops, and that the duty to indemnify claim should not be extinguished. (Doc. #81). ProBuilders argues that Double M's motion to reconsider is improper; it merely rehashes the same arguments it raised at the summary judgment stage. (Doc. #86). The court agrees with ProBuilders.

Plaintiff does not meet the standard for this court to grant reconsideration. Far from presenting newly discovered evidence, demonstrating clear error or that the initial decision was manifestly unjust, or citing to an intervening change in controlling law, Double M's "motion to reconsider" is a mere recitation of its chief argument in its opposition to Probuilder's motion for summary judgment. (Doc. #64 at 5–6). Double M's arguments were not persuasive then, and they are not persuasive now. This court made clear:

> ProBuilders provides the only reasonable interpretation of the exclusion. Under EARTH MOVEMENT," paragraph one specifies a non-exhaustive list of possible damages that eliminate coverage. Paragraph two denies coverage irrespective of the cause or sequence of causes that create earth movement. Paragraph three eliminates the duty to defend when earth movement damage overlaps with covered damages.
> Third, the exclusion plainly applies to the *Erbe* action. The chapter 40 notices reference earth movement as all or part of the damage in the *Erbe* action.
> The court agrees with ProBuilders, and is not persuaded by Double M's limited reading of the earth movement provision. ProBuilders clearly designed paragraph three of the exclusion to eliminate any duty to defend against a suit alleging earth movement loss.

(Doc. #69 at 7). Therefore, Double M's motion to reconsider is denied.

    b. *Motion for entry of judgment and award of fees*

In response to this court's grant of summary judgment in its favor, ProBuilders submitted its motion for judgment of an award of $118,003.38, based off its calculation of the fair and reasonable amount of attorney's fees incurred in its defense of Double M in the underlying action *Erbe, et al v. Double M Construction, et al*. (Doc. #73).

Double M argues that, while ProBuilders' attorney, Mr. Volk, charged a reasonable hourly rate, some of his hours were not reasonably incurred. (Doc. #82). Based on Double M's

James C. Mahan
U.S. District Judge

- 3 -

1  calculations, ProBuilders' award should be reduced by $5,632.50. (*Id.*) In its reply, ProBuilders
2  conceded to defendant's objections, and agreed to an award of $112,370.50. (Doc. #87).

3        Reasonable attorney's fees are based on the 'lodestar' calculation set forth in Hensley v.
4  Eckerhart, 461 U.S. 424, 433 (1983). The court must first determine a reasonable fee by
5  multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly
6  rate." *Hensley*, 461 U.S. at 433. "The district court . . . should exclude from this initial fee
7  calculation hours that were 'not reasonably expended.'" *Hensley*, 461 U.S. at 433–3). Thus, the
8  "court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have
9  been spent on the case." *Edwards v. Nat'l Bus. Factors, Inc.*, 897 F. Supp. 458, 460-61 (D. Nev.
10  1995). After calculating the lodestar amount, the court can further adjust the lodestar calculation
11  by considering the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

18  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951
19  (1976); *see also John Hancock Life Ins. Co. (U.S.A.) v. Jacobs*, No. 2:13-CV-00557-APG, 2014
20  WL 587521, at *2 (D. Nev. Feb. 13, 2014).

21        The court finds that the parties agreed upon amount, $112,370.50, is a fair and reasonable
22  calculation of the attorney's fees incurred by ProBuilders.

23        In its motion for entry of judgment and award of attorney's fees, ProBuilders also asked
24  the court to enter judgment on Double M's counterclaim for declaratory relief. (Doc. #73). In the
25  early stages of litigation, ProBuilders moved to dismiss Double M's counterclaims. (Doc. #28).
26  This court granted in part and denied in part that motion, allowing Double M's declaratory relief
27  cause of action to proceed. That claim asked the court to "declare the policies' terms and provisions
28  do not preclude coverage of the claims in the *Erbe* action because those terms and policies are

**James C. Mahan**
**U.S. District Judge**

- 4 -

1 ineffective, vague, ambiguous, render the policies unconscionable and/or illusory, void, and
2 against public policy." (Doc. #58).

3 However, in the order granting summary judgment, this court ruled that the earth
4 movement exclusion relied upon by ProBuilders does preclude coverage, and the terms are
5 effective, clearly written, and are not unconscionable or illusory. (Doc. #69). Therefore,
6 ProBuilders request judgment entered in its favor with respect to Double M's counterclaim. (Doc.
7 #73).

8 Double M does not discuss this request in its response. (Doc. #82). Pursuant to Local Rule
9 7-2, failure to file a response constitutes the party's consent to the granting of the motion. *See* LR
10 IB 7-2.

11 Based on the findings of this court in its order granting summary judgment, the court shall
12 enter judgment in favor of ProBuilders and against Double M on Double M's counterclaim for
13 declaratory relief.

14 Accordingly,

15 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Double M's motion for
16 reconsideration. (doc. #81), be, and the same hereby is, DENIED.

17 IT IS FURTHER ORDERED that ProBuilders' motion for judgment and award of
18 attorney's fees (doc. #73) is GRANTED in part and DENIED in part, consistent with the foregoing.

19 IT IS FURTHER ORDERED that ProBuilders shall submit a proposed judgment consistent
20 with this order within seven (7) days of the issuance of this order

21 DATED February 5, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**